UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **CHRIS WILLINGHAM,** | ) |
| Plaintiff, | ) Case No. 3-17-cv-757-DJH |
| v. | ) *Electronically Filed* |
| **AUGUSTA HOME SALES, LLC,** | ) |
| Serve: Dennis Williams<br>Registered Agent<br>40 West Pike Street<br>Covington, Kentucky 41011 | ) |
| and | ) |
| **VALLEY STATION 1, LLC,** | ) |
| Serve: ASWD Service<br>Company, LLC<br>Registered Agent<br>40 West Pike Street<br>Covington, Kentucky 41011 | ) |
| Defendants. | ) |

\* \* \* \* \*

## COMPLAINT

1. This is an action for actual and statutory damages and rescission brought by Chris Willingham against Defendants Augusta Home Sales, LLC and Valley Station 1, LLC for violations of the Truth In Lending Act, which prohibits creditors from completing certain credit transactions without making required disclosures, and the Kentucky Consumer Protection Act, which prohibits the use of unfair, false, misleading, or deceptive acts or practices in the conduct of trade or commerce.

2. Mr. Willingham purchased a mobile home from Augusta Home Sales and was subsequently offered an extension of credit to complete the transaction. Augusta Home Sales, however, failed to provide Mr. Willingham with certain disclosures related to the credit agreement as required by law.

3. Mr. Willingham had a lease with Valley Station 1, LLC that allowed him to place his mobile home and other personal property in Defendant's mobile home park.  Valley Station 1 charged Mr. Willingham amounts not authorized by the lease and that were not explained to him.

4. Defendants' unlawful actions culminated in Mr. Willingham and his family's eviction from the mobile home park.  Defendants forced him to abandon his mobile home and other property.

## PARTIES, JURISDICTION, AND VENUE

5. Mr. Willingham is a resident of the Commonwealth of Kentucky and resides within this District. At all times relevant to this action, he was a "consumer" as that term is defined by the Truth In Lending Act, 15 U.S.C. § 1602 and its implementing regulation, Regulation Z, 12 C.F.R. §226.2.

6. Augusta Home Sales, LLC is a Kentucky company registered to do business with the Kentucky Secretary of State with a principal place of business located at 467 Erlanger Road, Erlanger, Kenton County, Kentucky 41018. It is registered to do business in the Commonwealth of Kentucky, does extensive business in this District, and is subject to this Court's exercise of personal jurisdiction.

7. Valley Station 1, LLC is a Kentucky company registered to do business with the Kentucky Secretary of State with a principal place of business located at 467 Erlanger Road, Erlanger, Kenton County, Kentucky 41018. It is registered to do business in the Commonwealth

of Kentucky, does extensive business in this District, and is subject to this Court's exercise of personal jurisdiction.

8. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1640(e), 28 U.S.C. § 1331 and § 1367.

9. Venue is proper as the Defendants regularly conduct business in this District, Mr. Willingham is a resident of this District, and events giving rise to Mr. Willingham's causes of action occurred in this District.

## FACTUAL ALLEGATIONS

10. On October 24, 2016, Mr. Willingham entered a contract with Augusta Homes Sales for the purchase of a used 2000 Fleetwood Reflection mobile home.

11. The sales price for the mobile home was $7,000.

12. On October, 24, 2016, Mr. Willingham made a $4,000 down-payment towards the purchase of the mobile home.

13. Augusta Home Sales subsequently offered Mr. Willingham the option to pay the $3,000 balance in installments, which Mr. Willingham agreed to do.

14. Mr. Willingham believed that he had at least a year to make installment payments to satisfy the $3,000 balance.

15. Mr. Willingham and Augusta Home Sales memorialized their agreement in writing.

16. The written agreement provided that it was the entire agreement between Mr. Willingham and Augusta Home Sales regarding the purchase of the mobile home.

17. Augusta Home Sales did not include within the written agreement any disclosures regarding the total number of payments, the amount of each payment, the total sales price after finance charges were included, and the annual percentage rate.

18. Augusta Home Sales did not provide Mr. Willingham with any other separate writings or statements that clearly and conspicuously informed or disclosed the total number of payments, the amount of each payment, the total sales price after finance charges were included, and the annual percentage rate.

19. Augusta Home Sales was required by the Truth In Lending Act to make these disclosures to Mr. Willingham.

20. Augusta Home Sales' failure to make these disclosures caused Mr. Willingham to be confused about how and when the balance was due.

21. Augusta Home Sales' failure to make these disclosures prevented Mr. Willingham from making an informed decision about the credit sale.

22. Mr. Willingham entered into a written lease agreement with Valley Station 1, LLC d/b/a Autumn Lake Pointe allowing him to place the mobile home and other personal property within the Autumn Lake Pointe mobile home park and reside there with his family.

23. The agreed upon rent between Mr. Willingham and Valley Station 1 for the mobile home lot was $315 per month.

24. This agreement did not state that Valley Station 1 would assess any other charges to Mr. Willingham, such as payments related to the financing of his mobile home.

25. Valley Station 1, however, inexplicably began charging Mr. Willingham more than the agreed upon rental amount without providing any notice or offering an adequate explanation of the charges.

26. Valley Station 1 charged Mr. Willingham a "lot rent" and a "home rent." In some months, Mr. Willingham was charged for a lot rent twice.

27. The term "home rent" was never identified or defined by the lease agreement between Mr. Willingham and Valley Station 1. Nor was it defined by Mr. Willingham's contract with Augusta Home Sales.

28. Mr. Willingham could not afford the wrongfully assessed payments that Autumn Lake Pointe demanded from him.

29. A company identifying itself as "SSK-Louisville Company" inexplicably filed an eviction action against Mr. Willingham and forcefully removed him and his family from the mobile home and residential neighborhood.

30. Mr. Willingham never entered any agreement with a company called "SSK-Louisville Company," and that entity had no standing to pursue an eviction action against him.

31. "SSK-Louisville Company" is not registered to do business in the Commonwealth of Kentucky.

32. When Mr. Willingham asked Valley Station 1 when and how he could move his mobile home from the mobile home park, Mr. Willingham was denied permission to do so.

33. Defendants refused to allow Mr. Willingham to remove other pieces of personal property, such as personal items and furnishings within the home and a transportable garage that Mr. Willingham placed next to the home.

34. It was never disclosed to Mr. Willingham that any individual or entity, other than himself, held an interest in the mobile home after he purchased it from Augusta Home Sales.

35. Augusta Home Sales nonetheless forced Mr. Willingham and his family to vacate the residential neighborhood and unlawfully retained possession of the mobile home and other property.

36. Mr. Willingham has suffered financial harm and a wrongful loss of property because of Augusta Home Sales and Valley Stations 1's unlawful actions.

37. Mr. Willingham has suffered additional damages as a result of Defendants' wrongful conduct, including but not limited to emotional distress, anxiety, embarrassment, humiliation, frustration, and mental anguish.

### COUNT 1:
### THE TRUTH IN LENDING ACT
### (Augusta Home Sales)

38. Mr. Willingham incorporates by reference the allegations previously set forth in this Complaint.

39. Augusta Home Sales is a creditor and Mr. Willingham is a consumer as those terms are defined by the Truth In Lending Act, 15 U.S.C. § 1602, *et seq,* and its implementing regulation, Regulation Z, 12 C.F.R. §226.2.

40. The transaction between Mr. Willingham and Augusta Home Sales was a credit sale under the Truth In Lending Act.

41. Augusta Home Sales was obligated to make certain disclosures to Mr. Willingham related to the credit sale in a clear and conspicuous manner, including, but not limited to, the total number of payments, the amount of each payment, the total sales price after finance charges were included, and the annual percentage rate.

42. Augusta Home Sales did not make any of these required disclosures to Mr. Willingham.

6

43. Augusta Home Sales' failure to make these disclosures constituted a violation of the Act, entitling Mr. Willingham to rescind the subject transaction.

44. Augusta Home Sales' violations caused Mr. Willingham to suffer damages, including but not limited to economic loss, emotional distress and anxiety.

45. Mr. Willingham is entitled to compensation for his actual damages in an amount to be determined at trial, statutory damages, attorney fees, and costs incurred in prosecuting this action.

## COUNT 2:
## KENTUCKY CONSUMER PROTECTION ACT
### (Valley Station 1)

46. Mr. Willingham incorporates by reference the allegations previously set forth in this Complaint.

47. Valley Station 1's conduct, as described herein, constitutes unfair, unconscionable, false, misleading, and deceptive acts or practices in the practice of a trade or commerce and thus violated the Kentucky Consumer Protection Act, KRS § 367.170, *et seq.*

48. As a direct and proximate result of Defendants' violations, Mr. Willingham suffer damages, including but not limited to economic loss, emotional and mental distress and anxiety in an amount to be determined at trial.

49. Valley Station 1's violations caused Mr. Willingham to suffer damages, including but not limited to economic loss, emotional distress and anxiety.

50. Mr. Willingham is entitled to compensation for his actual damages in an amount to be determined at trial, attorney fees, and costs incurred while prosecuting this action.

51. Mr. Willingham is further entitled to an award of punitive damages due to Valley Station 1's willful conduct.

## COUNT 3:
## CONVERSION
### (Augusta Home Sales and Valley Station 1)

52. Mr. Willingham incorporates by reference the allegations previously set forth in this Complaint.

53. At all times relevant to this action, Mr. Willingham had the right to possess his mobile home, and the personal property within it, and all other personal property he placed on the leased grounds. Mr. Willingham had actual possession of these items until his eviction by "SSK-Louisville Company."

54. Defendants, without any legal cause or right, willfully interfered with Mr. Willingham's lawful use, enjoyment, and benefit of his property by intentionally retaining possession of Mr. Willingham's property.

55. By retaining possession of Mr. Willingham's personal property, Defendants' intentionally exercised domain over the property for its own use, enjoyment, and benefit.

56. Mr. Willingham disputed the wrongful possession exercised by Defendants' and demanded the return of his property.

57. As a direct and proximate result of Defendants' conversion, Mr. Willingham has sustained damages in an amount to be determined at trial.

58. Mr. Willingham is further entitled to an award of punitive damages due to Defendants' willful conduct.

## PRAYER FOR RELIEF

Wherefore, Mr. Willingham demands the following relief:

1. Entry of a Judgment to compensate him for damages to which he is entitled, including but not limited to actual, statutory, and punitive damages;

2. Rescission of his agreement with Augusta Home Sales and return of all amounts paid pursuant to it;

3. Interest on these amounts at the maximum rate and for the maximum duration allowed by law;

4. Trial by jury on all issues so triable;

5. Attorney fees and costs; and

6. Any other relief to which he may be entitled, including the right to amend this Complaint to add additional claims or parties after conducting discovery.

Respectfully submitted,

CRAIG HENRY PLC
James Craig
Isaac T. Fain

/s/ James Craig
239 South Fifth Street, Suite 1400
Louisville, Kentucky 40202
Telephone: (502) 614-5962
Facsimile: (502) 614-5968
jcraig@craighenrylaw.com
ifain@craighenrylaw.com

*Counsel for Chris Willingham*